UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., | Case No. 3:25-cv-05306-TMC |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| JACOB JACKSON, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff American Strategic Insurance Corp ("ASIC") seeks default judgment against Defendant Jacob Jackson. Dkt. 14. ASIC and Defendants Inspirit Athletics, Inc. ("Inspirit") and N.V. move for the stipulated dismissal of those two Defendants. Dkt. 17. For the following reasons, the Court GRANTS both motions.

## II.   BACKGROUND

### A.   Facts

Jackson is the CEO of Sterling Athletics—an alias for Inspirit. Dkt. 1 ¶¶ 2.3, 4.2. From 2016 to 2022, he also coached boys' basketball at Sumner High School in Sumner, Washington. *Id.* ¶ 4.3.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

### 1. Insurance policies

In December 2019, ASIC issued Jackson a homeowners policy that provided liability insurance "for damages because of 'bodily injury' . . . caused by an 'occurrence,'" with a coverage limit of $500,000 per occurrence. Dkt. 15-2 at 2, 24. The policy defined "occurrence" as "an accident, including exposure to harmful conditions," resulting in bodily injury or property damage during the policy period. *Id.* at 35. But any bodily injury that was "expected or intended" by the insured or that "ar[ose] out of sexual molestation, corporal punishment or physical or mental abuse" was excluded from coverage. *Id.* at 26–27. ASIC issued two renewals of the homeowners policy, each with the same operative language and policy limits. Dkt. 15-3 at 6, 29, 31–32, 40; Dkt. 15-4 at 12, 35, 37–38, 46.

In January 2021, ASIC issued Jackson a personal umbrella policy that provided liability coverage in excess of the "retained limit," defined as "the total limits of [the corresponding primary policy]" and any other applicable policies available to the insured. Dkt. 15-5 at 2, 6, 14. Like the underlying homeowners policy, the umbrella policy provided coverage for any bodily injury caused by an accidental "occurrence" and excluded any bodily injury that was "expected or intended" or arose from sexual molestation or physical abuse. *Id.* at 7, 13, 15–16. It also excluded any bodily injury not covered by the underlying policy. *Id.* at 8. This policy was canceled in March 2021. Dkt. 1 ¶ 5.10.

### 2. Underlying lawsuit

In October 2024, N.V., a former Sumner basketball player and Sterling Athletics employee, sued the company and Jackson, alleging that Jackson had subjected him to sexual harassment and abuse. Dkt. 15-1. In this action (the "underlying lawsuit"), N.V. brought claims against Sterling Athletics for sexually hostile work environment, gender-based discrimination, quid pro quo harassment, and negligence; against Jackson for sexual assault; and against both

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

Defendants for outrage and sexual exploitation of children. *Id.* ¶¶ 4.1–4.46. N.V. alleged that he suffered "significant and ongoing" damages as a result of the alleged conduct, including "emotional distress, physical and mental pain and suffering, medical expenses, lost wages, diminution of his earning capacity, a decrease in his ability to enjoy life, and other general and special damages." *Id.* ¶¶ 3.14, 5.1.

ASIC then agreed to defend Jackson under a reservation of rights. Dkt. 1 ¶ 4.21. In its reservation of rights letter, ASIC requested that Jackson provide certain information, but he did not do so. *Id.* ¶¶ 4.22–4.23.

### B.    Procedural history

On April 9, 2025, ASIC sued Jackson, Inspirit, and N.V., seeking a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that it had no duty to defend or indemnify Jackson in the underlying lawsuit. Dkt. 1. On June 20, 2025, Jackson was served with the summons and complaint. Dkt. 9. After Jackson failed to enter an appearance in this matter, ASIC moved for default against him. Dkt. 12. On August 11, 2025, the Clerk entered default as to Jackson only. Dkt. 13.

On January 19, 2026, ASIC moved for default judgment against Jackson. Dkt. 14. Two months later, ASIC, Inspirit, and N.V. filed a stipulated motion for voluntary dismissal of Inspirit and N.V. Dkt. 17.

Both motions are now ripe for the Court's review.

### III.    JURISDICTION

On a motion for default judgment against a party who has failed to appear, the Court has an obligation to consider its jurisdiction over the subject matter and parties to the suit. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

"The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. It only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (internal citation omitted). Where an insurer seeks "to bring a declaratory judgment action against an insured on an issue of coverage," it may invoke federal diversity jurisdiction under 28 U.S.C. § 1332. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)). A federal court has diversity jurisdiction if the parties have complete diversity of citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

Here, ASIC is a citizen of Florida and Ohio. *See* Dkt. 1 ¶ 2.1; Dkt. 4; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Jackson, Inspirit, and N.V. are citizens of Washington. *See* Dkt. 1 ¶ 2.2; Dkt. 2; Dkt. 8 ¶ 4.1; Dkt. 15-1 ¶ 1.1. ASIC's citizenship is thus diverse from each of the three Defendants. The amount-in-controversy requirement is also satisfied at this stage, as the nature of the sexual abuse allegations against Jackson creates a plausible allegation that the amount in controversy is greater than $75,000, particularly given the $500,000 liability limit in Jackson's homeowners policy. *See* Dkt. 15-2 at 2; Dkt. 15-3 at 6; Dkt. 15-4 at 12.

The Court has personal jurisdiction over all three Defendants because they are residents of Washington.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

## IV.   LEGAL STANDARD

Motions for default judgment are governed by Federal Rule of Civil Procedure 55. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "'the well-pleaded factual allegations' in the complaint 'as true,' 'except those relating to the amount of damages.'" *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations omitted) (first quoting *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); and then quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)); Fed. R. Civ. P. 8(b)(6). The court does not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc.*, 503 F.3d at 854. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts weigh the following factors in deciding motions for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (suggesting that district courts "weigh" the *Eitel* factors). District courts' decisions on motions for default judgment are discretionary. *See NewGen, LLC*, 840 F.3d at 616 ("We review . . . the grant of a default judgment for abuse of discretion."). Failure to establish the second and third factors is dispositive and requires denial of the motion. *See Cripps*, 980 F.2d at 1268 (vacating

default judgment where "the default judgment [was] legally insupportable"); *United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021) (noting that "failure to satisfy the second and third *Eitel* factors is sufficient to deny a motion for default judgment").

In an insurance case, "[t]he party asserting coverage bears the burden of proving the loss is a covered occurrence within the policy period." *Walla Walla Coll. v. Ohio Cas. Ins. Co.*, 149 Wn. App. 726, 730, 204 P.3d 961 (2009). "If such a showing has been made, the insurer can nevertheless avoid liability by showing the loss is excluded by specific policy language." *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 431–32, 38 P.3d 322 (2002).

Interpretation of insurance policy terms is a question of law. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 512, 276 P.3d 300 (2012). An insurance policy "must be read as the average person would read it; it should be given a 'practical and reasonable rather than a literal interpretation', and not a 'strained or forced construction' leading to absurd results." *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 272, 267 P.3d 998 (2011) (quoting *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 341, 738 P.2d 251 (1987)). The policy must be considered as a whole, and "if the policy language is clear and unambiguous, [courts] must enforce it as written; [courts] may not modify it or create ambiguity where none exists." *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005). Undefined policy terms are assigned their ordinary meanings, and any ambiguities should be "construed against the drafter-insurer." *Vision One*, 174 Wn.2d at 512. Any exclusions should also be strictly construed against the insurer. *Id.*

## V.    DISCUSSION

The Court considers ASIC's motion in light of the seven *Eitel* factors. Taken together, the factors weigh in favor of default judgment.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 6

### 1. Possibility of prejudice to ASIC

Regarding the first factor, ASIC argues that it would face prejudice absent the entry of default judgment because it would be "effectively forced into a defense or indemnity obligation despite clear and unambiguous facts that indicate coverage is unavailable." Dkt. 14 at 6. This argument is persuasive: without a default judgment, ASIC "will 'be denied the right to judicial resolution' of its claims and will be 'without other recourse for recovery.'" *GS Holistic, LLC v. City Smoke Corp.*, No. C24-1286JLR, 2025 WL 1345083, at *2 (W.D. Wash. May 8, 2025) (quoting *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)). This factor favors default judgment.

### 2. Substantive merits and sufficiency of the complaint

The second and third factors, which are "frequently analyzed together," favor the entry of default judgment "if the allegations in a complaint sufficiently state a claim upon which relief can be granted." *Strategic Funding Source, Inc. v. Boonkur*, No. 3:25-CV-05220-TL, 2025 WL 3073089, at *4 (W.D. Wash. Nov. 4, 2025). This means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may not enter default judgment if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

Here, the underlying factual allegations are undisputed, and ASIC's complaint concerns a purely legal issue: interpretation of an insurance policy. *Vision One*, 174 Wn.2d at 512. ASIC argues that coverage cannot be triggered under either the primary policies—the homeowners policy and subsequent renewals—or the umbrella policy because none of the allegations in N.V.'s complaint were caused by an "occurrence" as defined by the policies, and that even if the

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7

policies were triggered, they contain clear exclusions that apply to the conduct alleged in the underlying lawsuit. Dkt. 14 at 6–7.

ASIC is correct that several provisions in both the primary and umbrella policies unambiguously exclude coverage. First, Jackson could not meet his "burden of proving that coverage is triggered," *Windcrest Owners Ass'n v. Allstate Ins. Co.*, 24 Wn. App. 2d 866, 871, 524 P.3d 683 (2022), because none of Jackson's conduct alleged in the underlying action was caused by an "occurrence," defined in each policy as "an accident." Washington courts and courts in this Circuit interpreting Washington law have consistently held that acts of sexual abuse are not "accidents" for the purposes of insurance coverage because "[a]n accident is never present when the insured performs a deliberate act unless some additional, unexpected, independent and unforeseen happening occurs which produces the damage." *W. Nat. Assur. Co. v. Hecker*, 43 Wn. App. 816, 822, 719 P.2d 954 (1986); *Grange Ins. Ass'n v. Authier*, 45 Wn. App. 383, 385–86, 725 P.2d 642 (1986); *Am. Strategic Ins. Corp. v. Jackson*, No. 3:23-CV-05461-RJB, 2024 WL 3521530, at *6–7 (W.D. Wash. July 24, 2024) (concluding that acts of sexual abuse perpetrated by Jackson were not "occurrences"), *judgment entered*, No. 3:23-CV-5461-RJB, 2025 WL 593103 (W.D. Wash. Feb. 24, 2025); *Am. Strategic Ins. Corp. v. Jackson*, No. 3:23-CV-05461-RJB, 2024 WL 358265, at *6–7 (W.D. Wash. Jan. 31, 2024) (same), *reconsideration denied*, No. 3:23-CV-05461-RJB, 2024 WL 1112990 (W.D. Wash. Feb. 13, 2024), *appeal dismissed*, No. 24-1453, 2024 WL 4117322 (9th Cir. Apr. 16, 2024); *Schorno v. State Farm Fire & Cas. Co.*, 445 F. App'x 956, 958 (9th Cir. 2011). The Court sees no reason to depart from these holdings.

Second, even if the underlying lawsuit included any allegations against Jackson that did arise from "occurrences," the sexual molestation and "expected or intended" acts exclusions would preclude coverage. *Rodriguez v. Williams*, 107 Wn.2d 381, 387, 729 P.2d 627 (1986)

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 8

("[I]ntent to injure . . . should be inferred to the insured in sex abuse cases."); *Allstate Ins. Co. v. Calkins*, 58 Wn. App. 399, 402–04, 793 P.2d 452 (1990); *Com. W. Ins. Co. v. Allen*, No. 3:18-CV-05828-RJB, 2022 WL 766928, at *3–4 (W.D. Wash. Mar. 14, 2022); *Schorno*, 445 F. App'x at 958.

In Washington, "[t]he duty to indemnify exists only if the insurance policy actually covers the insured's liability, whereas the duty to defend arises when the policy could conceivably cover allegations in a complaint." *Xia v. ProBuilders Specialty Ins. Co.*, 188 Wn.2d 171, 182, 400 P.3d 1234 (2017), *as modified* (Aug. 16, 2017). Based on the unambiguous language of the policies and the allegations in N.V.'s complaint, there is no possibility that the primary and umbrella policies would provide liability coverage to Jackson in the underlying lawsuit. This precludes both the duty to defend and the duty to indemnify. *See Jackson*, 2024 WL 3521530, at *8 ("If there is no duty to defend, then there is no duty to indemnify."). The second and third factors thus favor the entry of default judgment.

### 3.    Sum of money at stake

ASIC next argues that the fourth factor favors default judgment because this lawsuit seeks only a declaratory judgment. Dkt. 14 at 7–8. The Court agrees. *See Principal Life Ins. Co. v. Hill*, No. C21-1716 MJP, 2022 WL 2718087, at *2 (W.D. Wash. July 13, 2022) (finding that the fourth factor favored default judgment where a plaintiff sought only a declaratory judgment and an award of attorney's fees and costs).

### 4.    Possibility of dispute concerning material facts

As for the fifth factor, ASIC argues that there is no possibility of any dispute as to material facts because the parties do not dispute any of N.V.'s factual allegations against Jackson, and ASIC seeks only a legal determination regarding coverage. Dkt. 14 at 8. This is

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 9

correct. In addition, default has already been entered against Jackson, precluding any factual dispute at this stage. *Geddes*, 559 F.2d at 560. This factor favors default judgment.

### 5. *Whether default was due to excusable neglect*

Regarding the sixth factor, ASIC argues that default was not due to excusable neglect because "Jackson was properly served, received notice of this lawsuit, and failed to appear." Dkt. 14 at 8; *see* Dkt. 9 (affidavit of service). The Court again agrees. *See Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-CV-08284-MCS-KS, 2022 WL 17218505, at *6 (C.D. Cal. Oct. 26, 2022) ("There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation."). This factor favors default judgment.

### 6. *Policy favoring decisions on the merits*

Typically, the seventh factor weighs against default judgment but "is not dispositive." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1213 (W.D. Wash. 2014). Here, however, the Court has decided the merits of this matter by adjudicating the purely legal question presented in ASIC's complaint. Consideration of this factor thus does not dissuade the Court from entering default judgment.

### 7. *Consideration of factors*

Weighing the *Eitel* factors together, the Court finds that default judgment is warranted.

## VI. CONCLUSION

The Court ORDERS:

1.  The motion for default judgment (Dkt. 14) is GRANTED.

2.  The stipulated motion for voluntary dismissal of Defendants Inspirit Athletics, Inc. and N.V. (Dkt. 17) is GRANTED.

3.  The Court DECLARES that Plaintiff American Strategic Insurance Corp. has no duty to defend or indemnify Defendant Jacob Jackson in the underlying lawsuit

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 10

entitled *N.V. v. Inspirit Athletics, Inc., et al.*, Pierce County Superior Court, Case No. 24-2-11983-9.

4.    Defendants Inspirit Athletics, Inc. and N.V. are DISMISSED with prejudice and without an award of fees or costs to any party.

Dated this 14th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 11